WATKINS, Judge.
Doyle Miller brought the present action against State Farm Mutual Automobile Insurance Company to recover damages for personal injury resulting from an automobile accident in which a pickup truck driven by Miller was struck by an automobile driven by Thomas J. LeBeau, III, whose father had secured liability insurance from State Farm. Liability was stipulated before trial with the further stipulation that the total amount of damages awarded should not exceed the policy limits of $25,000.00. The case was tried before a jury, which returned a verdict for plaintiff in the amount of $2500.00 general damages, $1500.00 for past medical bills, and $180.00 for future medical bills. All medical testimony had been read aloud to the jury from depositions, the only live testimony of a medical nature having been that of Dr. Nell M. Ashcraft, a chiropractor.
Plaintiff appeals the jury’s verdict, seeking an increase in quantum. We affirm.
On the day of the accident, September 23, 1980, plaintiff saw his physician, Dr. Lloyd P. Champagne, a general practitioner, who was treating Miller for high blood pressure and diabetes. Miller complained of pain in the elbow, shoulder, chest, back, neck, and knee, and a headache. Dr. Champagne x-rayed Miller, and released him from the office with medication. At the time, Miller was ambulatory and so far as Dr. Champagne knows, did not miss any work. Miller had follow-up visits in Dr. Champagne’s office on September 25 and September 30, at which times Miller continued to complain of pain, although he was considerably improved. Dr. Champagne saw Miller on later occasions, but Miller’s later visits were solely for treatment of his diabetes and high blood pressure.
Miller visited Dr. Herbert K. Plauche, an orthopedic surgeon, at the request of his attorney, on December 10, 1980. Dr. Plauche x-rayed Miller’s neck and cervical spine with multiple views and noted osteo- *1056 arthritic changes at the C-4/5, 5/6, and 6/7 levels. It was Dr. Plauche’s opinion that the accident had caused a “flare-up” of Miller’s pre-existing arthritic condition. Dr. Plauche started Miller on medication along with heat and rest and asked Miller to return for a follow-up examination on January 20th, at which time Miller was slightly improved, but still complained of persistent headaches, neckache, and pain radiating into the right shoulder. On the last visit, April 20, 1981, Miller still complained of radiation of pain into the right upper extremity, and was referred to Dr. William L. Fisher, Jr., a neurosurgeon. Dr. Plauche thought, based on Miller’s history, Miller should have returned to his pre-injury status within six months following his injury.
Dr. Fisher saw Miller on April 23, 1981, on Dr. Plauche’s referral. Miller’s main complaint at the time was a constant dull headache in the posterior head region. Dr. Fisher found nothing wrong from an external examination, and ordered skull films and a CT-Scan of the brain. All the findings were normal from a neuromuscular standpoint.
Still complaining of pain, Miller saw Dr. Nell M. Ashcraft, a chiropractor, in March of 1982. Dr. Ashcraft took three x-rays of the neck area and noted, she testified, that Miller’s spine was misaligned. She performed adjustments until the time of trial. She testified that these adjustments should continue for a considerable time after trial.
At the trial, Miller testified and stated that only Dr. Ashcraft’s adjustments brought relatively long-lasting relief. He further testified that Dr. Fisher had entered the room where he was to be examined and sat down with a little hammer on his knee, but had never examined him.
It is fairly obvious from the jury’s extremely limited award of general damages ($2500.00) that the jury was not impressed by the testimony of Dr. Ashcraft and that of Mr. Miller. The jury obviously believed, as the testimony by deposition of Dr. Plauche indicated, that Miller had suffered only a “flare-up” of a pre-existing osteoarthritic condition, which “flare-up” should have had a duration of only six months. The trier of fact is given great discretion in the award of damages and the decision of the trial court should be affirmed unless the award represents an abuse of that discretion Coco v. Winston Industries Inc., 341 So.2d 332 (La.1976). Considering the conflicting nature of the testimony and the jury’s obvious skepticism at the testimony of Dr. Ashcraft and Mr. Miller, which it was free to discount, we cannot say the award represents an abuse of the jury’s “much discretion”.
The judgment of the trial court is affirmed, all costs of appeal to be borne by appellant.
AFFIRMED.